UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. H.,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>            Defendants. | Case No. 20-cv-00961-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE; GRANTING AND DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 30, 38, 41, 42, 44 |

The defendants' motion to dismiss is largely denied. Although the documents submitted with their motion shed considerable doubt on the veracity of the plaintiff's allegations, these documents are not properly considered on a motion to dismiss. Taking the plaintiff's allegations as true, as required at this stage, the second amended complaint adequately states substantive due process and negligence claims, as well as claims under California Civil Code section 52.1 and California Government Code section 815.6. The motion to dismiss is denied with respect to those claims, but granted with respect to the procedural due process and *Monell* claims.

Consideration of documents outside the complaint: Along with their motion to dismiss, the defendants submit numerous documents from J.H.'s juvenile case file that they argue are properly considered at the motion to dismiss stage through either the incorporation by reference doctrine or judicial notice. The defendants argue that information in these documents shows that some of the statutes the defendants are alleged to have violated do not apply in J.H.'s circumstances, and that many of the allegations in J.H.'s complaint are not true.

The Court cannot consider these documents under the incorporation by reference doctrine. That doctrine allows a court to consider a document outside of the complaint if the

complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). The documents submitted by the defendants—including Dawson's foster application materials and notes from social workers and other county officials about J.H.'s placement with Dawson—do not fall into either category. Although the documents clearly *relate* to the allegations in the complaint, they are never explicitly referenced in the complaint, nor does the complaint "necessarily rel[y]" on them. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

In addition, the information contained in minute orders from J.H.'s juvenile case proceedings is not judicially noticeable. The defendants submit these minute orders to show that J.H. was not a "dependent" of the juvenile court during the relevant time, a fact that the plaintiff disputes. And while matters of public record are judicially noticeable, such as the fact that the proceedings documented in the minute orders occurred, a disputed fact stated in those records is not. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001). The defendants' request for judicial notice of the information in the minute orders is thus denied.[1]

More generally, the defendants submit these documents in an apparent attempt to disprove the factual allegations in J.H.'s complaint. Standing alone, the documents do shed considerable doubt on the factual bases underlying J.H.'s claims. If the defendants believe that plaintiff's counsel has violated their Rule 11 obligations by making these allegations, the defendants are of course entitled to bring a motion for sanctions. In addition, if the defendants believe that an initial phase of narrow discovery is appropriate to weed out frivolous claims, the Court would entertain a request to that effect. But at this stage of the proceedings, the Court must presume that the allegations in the complaint are true, and merely assess whether those allegations plausibly state a claim for relief. *See Schwake v. Arizona Board of Regents*, 967 F.3d 940, 947-48 (9th Cir. 2020).

---

[1] The defendants' request for judicial notice of documents relating to Dawson's criminal proceedings is granted.

Substantive due process claim: J.H. has adequately pled a substantive due process claim. To allege that the individual social workers violated his substantive due process rights as a foster child, under either the special relationship exception or the state created danger exception, he must plead facts showing deliberate indifference—that there was an objectively substantial risk of harm; that the social workers were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed; and that the social workers actually drew that inference or that a reasonable person in their position would have drawn that inference. *See Tamas v. Department of Social & Health Services*, 630 F.3d 833, 845 (9th Cir. 2010); *see also Momox-Caselis v. Donohue*, 987 F.3d 835, 845 (9th Cir. 2021).

In the second amended complaint, J.H. alleges that at the time the social workers placed J.H. in Dawson's care they knew that (a) Dawson lied about being J.H.'s great-aunt so that she could secure custody of J.H. to receive financial benefits and to allow plaintiff's drug-addicted biological father—who the defendants knew had abused and neglected J.H.—to continue having contact with J.H.; (b) there was a history of abuse and gang violence in Dawson's immediate family; (c) Dawson had previously been convicted of theft; (d) Dawson had less than $1 in her bank account when she began applying to foster J.H.; and (e) her only source of income was government aid she received for operating an unlicensed home daycare. The complaint further alleges that after J.H. was placed in Dawson's care, the social workers learned that J.H. started experiencing various health issues suggesting potential abuse or neglect, but failed to report those issues or investigate or monitor the situation; and that the social workers learned that J.H.'s biological father was visiting him at Dawson's home, but failed to report those visits or take steps to prevent those visits from happening, despite knowing that J.H.'s father had physically abused him in the past. If true, these allegations would establish that the social workers acted with deliberate indifference in placing and maintaining J.H. in Dawson's care. *See Henry A. v. Willden*, 678 F.3d 991, 1001-03 (9th Cir. 2012).

Procedural due process claim: J.H. fails to adequately plead a procedural due process violation based on the social workers' alleged violations of various California statutes. For the

3

violation of a state law to constitute a due process violation, the state law must contain "(1) substantive predicates governing official decision making, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010) (quoting *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)). The state law "must provide more than merely procedure; it must protect some substantive end." *Id.* (quoting *Bonin*, 59 F.3d at 842).

J.H. alleges that the social workers violated the following California statutes: (1) California Welfare & Institutions Code section 361.3, which requires social workers to consider a non-exhaustive list of factors before placing a child with a relative; (2) California Welfare & Institutions Code section 361.4, which requires that social workers conduct an at-home inspection before making an emergency placement of a child; (3) California Welfare & Institutions Code section 16010.6(a), which requires that a dependent child's attorney be notified before removing that child from a foster home; and (4) California Penal Code section 11166, which mandates that social workers report suspected abuse or neglect of a child.

None of these statutes mandate a substantive result. Section 361.3 simply requires that the agency consider certain factors before placing a child with a relative; it does not limit the agency to those factors, nor does it specify what must occur after consideration of those factors. *See Kleinman v. Social Services Agency – Alameda County*, 2020 WL 1031900, at *3 (N.D. Cal. Mar. 3, 2020). Sections 361.4 and 16010.6 similarly do not mandate what must occur after an inspection is conducted or notice is provided—the statutes simply mandate that an inspection or notice occur. *See James*, 606 F.3d at 656-57; *Kleinman*, 2020 WL 1031900, at *3. Finally, the mandatory reporting statute merely "establishes procedures" in the form of a mandatory report "to protect a liberty interest that arises from the Constitution itself . . . [it] does not thereby create a new constitutional right to those procedures." *James*, 606 F.3d at 657; *see also Lyles v. City of Huntington Park*, 2016 WL 7479367, at *5 (C.D. Cal. Sept. 26, 2016); *Slusher v. City of Napa*, 2015 WL 8527411, at *5-6 (N.D. Cal. Dec. 11, 2015).

Section 1983 *Monell* claim: J.H. has failed to state a *Monell* claim against San Mateo

4

County. Conclusory allegations that the County has widespread unconstitutional customs, policies, and practices or failed to properly train individuals, along with conclusory allegations that the unconstitutional actions of the individual social workers in this case were ratified by policy-making officials, without further factual allegations to support these general assertions, are insufficient to state a *Monell* claim. *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1142-43 (9th Cir. 2020); *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). The factual allegations about how Dogan and Berkovatz handled J.H.'s foster placement also do not, without more, support a *Monell* claim against the County—these allegations relate to two county officials and their actions in one isolated case, and do not establish a widespread custom or policy or a county-wide failure to train. *See Connick v. Thompson*, 563 U.S. 51, 62-63 (2011); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007). In short, it is not enough to simply intone that the alleged conduct of the individual defendants is reflective of a policy or custom. If the plaintiffs learn, during discovery, of a specific factual basis for a *Monell* claim, they can always seek leave to add one at that time.

Bane Act: J.H. has plausibly stated a Bane Act claim. The defendants argue that J.H. has failed to allege that they used threats, intimidation, or coercion to interfere with his rights. *See* Cal. Civ. Code § 52.1 (providing a cause of action for individuals whose rights have been interfered with "by threat, intimidation, or coercion"). But section 52.1 does not require a showing of threats, intimidation, or coercion separate and apart from the underlying constitutional violation; the coercion inherent in the violation is sufficient so long as the defendant acted with the specific intent to violate the plaintiff's constitutional rights, which can be proven through a showing of recklessness. *See S.R. Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019); *Sandoval v. County of Sonoma*, 912 F.3d 509, 519-520 (9th Cir. 2018). As discussed above, J.H. has pled facts that, if proven, would show that the social workers acted with reckless disregard for his due process rights, and J.H. was obviously coerced as part of those alleged violations.

The defendants also argue that they are entitled to statutory immunity from the Bane Act

claim under California Government Code sections 815.2 and 820.2 because the social workers' challenged actions involved acts of discretion. Discretionary immunity under these statutes only applies when public officials make policy decisions and where the conduct in question involves a conscious balancing of risks and advantages; immunity does not apply to mere "operational" or "ministerial" decisions, or where the public official did not actually exercise their discretion by making a considered, calculated decision. *See AE ex rel Hernandez*, 666 F.3d at 639. While some of the social workers' challenged actions may be immune from suit, such as the decision to place J.H. with Dawson, others seem likely to not qualify for immunity, such as the more ministerial failures to conduct an at-home inspection or inform J.H.'s guardian about his change in placement. *See Scott v. County of Los Angeles*, 27 Cal. App. 4th 125, 142 (1994). Regardless, whether immunity applies is a question better suited for summary judgment in this case, given that the defendants bear the burden of proving their entitlement to immunity, and that the parties dispute whether the social workers actually made a considered decision when placing J.H. with Dawson by consciously balancing the risks and benefits. *See AE ex rel Hernandez*, 666 F.3d at 639-640; *cf. Steinle*, 919 F.3d at 1162.

  Breach of mandatory duties: J.H. has adequately stated a claim against the County for breach of mandatory duties under California Government Code section 815.6. The defendants argue that this claim should be dismissed on two grounds, neither of which are appropriate at the motion to dismiss stage. First, the defendants argue that they are entitled to statutory immunity under California Government Code sections 815.2 and 820.2. As just discussed, this is a question better suited for summary judgment given the disputed factual allegations in this case. Second, the defendants argue that the facts supporting this claim are "contradicted by the juvenile file" submitted with their motion to dismiss, and that information in these documents shows that the claimed duties "were not mandated under the circumstances" of this case. As already explained, these arguments are improper at the motion to dismiss stage.

  Negligence: The Court found that the allegations in the prior complaint were sufficient to state a claim for negligence and denied the defendants' first motion to dismiss this claim. *See*

Dkt. No. 33. There are even more factual allegations in this complaint supporting the claim for negligence. The defendants' arguments that this claim should be dismissed based on statutory immunity and the information contained in the documents submitted with their motion are, for the reasons already discussed, improper at this stage.

Motion to strike: The defendants' motion to strike the plaintiff's request for punitive and treble damages on the grounds that there are no factual allegations supporting these damages and that they are unavailable as a matter of law is denied. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010).

Motions to seal: The motions to seal at Dkt. Nos. 38 (second amended complaint) and 44 (opposition brief) are denied. The plaintiff is ordered to file an unredacted version of both documents within seven days of this order. The motions to seal at Dkt. Nos. 30 and 41 are granted.

The defendants' motion to dismiss is denied except with respect to the procedural due process and *Monell* claims. Because the plaintiff has made several attempts to adequately allege these claims, and because the Court cannot conceive of a way that the defects in these claims could be fixed, dismissal is without leave to amend (subject to the previously-stated caveat regarding the *Monell* claim). An initial case management conference is scheduled for Wednesday, May 12, at 2 p.m. A joint case management statement is due one week prior.

**IT IS SO ORDERED.**

Dated: April 16, 2021

_____
VINCE CHHABRIA
United States District Judge