Craig M. Peters   SBN 184018
ALTAIR LAW
465 California Street, 5th Floor
San Francisco, CA 94104-3313
(415) 988-9828
cpeters@altairlaw.us

Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel:  (415) 781-3333
Fax:  (415) 707-6600
joseph@josephmaylaw.com

Attorneys for Plaintiff J.H., a Minor,
through his Guardian ad Litem, Joan Tillman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| J.H., a minor, through his Guardian ad Litem, JOAN TILLMAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>COUNTY OF SAN MATEO; AYSE DOGAN; JULIE BERKOVATZ; TAMIKA DAWSON; and DOES 1 to 50, inclusive,<br><br>                    Defendants. | CASE NO. C20-00961-VC<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>1.  42 U.S.C. § 1983<br>2.  42 U.S.C. § 1983 - *Monell*<br>3.  Bane Act (Cal. Civ. Code § 52.1)<br>4.  Breach of Mandatory Duties (Cal. Gov. Code § 815.6)<br>5.  Assault & Battery<br>6.  Negligence |

Plaintiff J.H., a minor, through his Guardian ad Litem, Joan Tillman, alleges as follows:

**OVERVIEW**

1.  This action arises out of the catastrophic and life-altering injuries sustained by Plaintiff J.H., when he was removed from a foster home where he was thriving to the home of Tamika Dawson, a dangerous and violent woman who committed unspeakable acts of abuse

1

against him or allowed others to do so. The County of San Mateo social workers and supervisors who changed Plaintiff's placement did so without providing required notice to his foster parents or attorney, without considering his safety and welfare, and with knowledge of the danger posed by Defendant Dawson, and thereafter failed to report suspected abuse or neglect. The County and its employees failed to discharge mandatory statutory duties, acted with deliberate indifference to Plaintiff's Constitutional rights, and otherwise acted negligently and/or recklessly with regard to Plaintiff. Plaintiff seeks damages for all of the harms and losses he has suffered and will continue to suffer as a result of Defendants' conduct.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3)-(4) because it includes claims arising under the Constitution and laws of the United States, including 42 U.S.C. Section 1983 based on the violation of Plaintiff's Fourteenth Amendment rights. This Court has supplemental jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a).

3. This Court is the proper venue pursuant to 28 U.S.C. Section 1391(b)(2) because the events giving rise to the claims occurred in the County of San Mateo.

## PARTIES

4. Plaintiff J.H. is a minor born on July 17, 2017, acting in this action through his Guardian ad Litem, Joan Tillman. At all relevant times, Plaintiff was and is a dependent of the juvenile court, and in the care and custody of the San Mateo County Department of Children and Family Services.

5. Defendant County of San Mateo is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the County's Children and Family Services.

6. Defendant Ayse Dogan is, and at all relevant times was, a Children's Services Social Work Supervisor employed by Defendant County of San Mateo. In performing the acts and omissions alleged herein, Defendant Dogan was acting in the course and scope of her employment and under color of law. Defendant Dogan is sued in her individual capacity.

2

7. Defendant Julie Berkovatz is, and at all relevant times was, a social worker employed by Defendant County of San Mateo. In performing the acts and omissions alleged herein, Defendant Berkovatz was acting in the course and scope of her employment and under color of law. Defendant Berkovatz is sued in her individual capacity.

8. Defendant Doe 1 is, and at all relevant times was, a Social Work Supervisor employed by Defendant County of San Mateo. In performing the acts and omissions alleged herein, Defendant Doe 1 was acting in the course and scope of employment and under color of law. Defendant Doe 1 is sued in his/her individual capacity.

9. Defendant Does 2-10 are, and at all relevant times were, supervisors employed by Defendant County of San Mateo, whose duties included supervising, overseeing, managing, instructing, and training Defendants Dogan, Berkovatz, and Doe 1 in the performance and discharge of their duties and obligations

10. Defendant Tamika Dawson is an adult over the age of eighteen and, at all relevant times, was and is a resident of San Mateo County.

11.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1-50, inclusive, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities if and when the same are ascertained. Plaintiff is informed and believes, and thereon alleges, that said Defendants, and each of them, are responsible in some manner for Plaintiffs' damages as herein alleged. Each reference in this complaint to "defendant," "defendants," "Defendants," or a specifically named defendant also refers to all "Doe" defendants.

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and Doe Defendants.

3

13. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and/or employee of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

14. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

15. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged. At all material times, each Defendant was an integral participant, jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

16. At all material times, each Defendant, including the fictitiously named "Doe" defendants, acted under color of the laws, statutes, ordinances, and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the County of San Mateo.

**FACTS COMMON TO ALL CAUSES OF ACTION**

17. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

18. Plaintiff's biological parents were unfit to care for him due to, among other things, substance abuse and/or mental illness and/or abuse/neglect. A San Mateo County Juvenile Court dependency case was opened for Plaintiff by the filing of a dependency petition by San Mateo County Children & Family Services ("Agency"), on or about July 24, 2018, due to the inability of Plaintiff's biological parents to care for him for the reasons noted above. The family came to the Agency's attention due to concerns that the parents were abusing and neglecting Plaintiff and his siblings and exposing them to unsafe situations. The Agency was aware that there were

4

several instances of physical abuse, neglect and other dysfunctional behavior on the part of Plaintiff's parents and that they had a long history of poor decision-making and were particularly untrustworthy when it came to making decisions regarding Plaintiff's best interests. At some point, after both parents were arrested on drug-related charges, Plaintiff was taken into protective custody by the Agency.

19. In or around July of 2018, shortly after his removal from the custody of his parents, Plaintiff was placed into the custody of the juvenile court. Shortly thereafter, Plaintiff was placed into foster care with Thomas and Maureen MacLeod, who were demonstrated to be competent and fit to provide a safe, supportive, loving, and caring home for Plaintiff. Their home was fully licensed under the Resource Family Approval process by the State of California and the Resource Family Approval Unit of San Mateo County Children and Family Services.

20. In or around July 2018, Plaintiff's biological father advised Defendant County of San Mateo that he wished for Plaintiff to be placed in the care and custody of Defendant Tamika Dawson. Plaintiff's biological father represented that Tamika Dawson was his aunt (and Plaintiff's great-aunt). At around the same time, Defendant Dawson communicated with the Agency, representing that she was Plaintiff's great aunt, and advising that she wanted to take custody of Plaintiff as soon as possible.

21. Contrary to the representations by Dawson and Plaintiff's biological father, Tamika Dawson had no blood relationship to Plaintiff.

22. As part of the application process, Defendants learned the following about Defendant Dawson:

a. Defendant Dawson was not actually Plaintiff's great aunt but instead was seeking to deceive the Agency to secure custody of Plaintiff, inferably so that (i) she could receive certain financial incentives and benefits from the government; and (ii) Plaintiff's biological father could continue having contact with Plaintiff.

b. Defendant Dawson herself was raised in a physically and emotionally abusive environment, by a crack-addicted father who abused Dawson and her mother;

5

c. Dawson had witnessed violent behavior in her immediate and extended family, including seeing her grandfather abusing her grandmother;

d. Dawson had multiple family members who were gang members and violent criminals, including a brother who was murdered likely by rival gang members and a brother-in-law who was shot also likely in a gang-related incident;

e. Defendant Dawson had less than $1 in her bank account at the end of July 2018, when she began applying to foster Plaintiff, and her only source of income was government aid she was receiving in connection with her operation of an unlicensed home daycare operation;

f. Defendant Dawson had been on a trip to Las Vegas in July 2018, despite her precarious financial situation;

g. Defendant Dawson had previously been convicted of theft.

23. Based on the foregoing information and the internal guidelines of the Agency, Defendant Dawson posed an objective, unreasonable, obvious and substantial risk of physical harm to Plaintiff, of which any reasonable social worker would have known.

24. Notwithstanding Defendants' knowledge of the substantial risk of harm to Plaintiff, they promptly removed Plaintiff (or approved, authorized, or ratified the removal) from the custody of his foster parents and placed him with Defendant Dawson.

25. In changing Plaintiff's placement, Defendants Dogan, Berkovatz and Does 1-10 failed to consider any of the factors enumerated in Welfare and Institutions Code Section 361.3, which are required to be considered in determining whether to place a child removed from his parents' custody and placed with a relative.

26. In changing Plaintiff's placement, Defendants Dogan, Berkovatz, and Does 1-10 failed to provide notice to the MacLeod's as required by DHS regulation 31-440, which requires that seven-day advance notice be provided before removing a foster child, and that the foster parents be advised of the right to request a grievance review. Had such notice been given, the MacLeods would have stopped the change of placement from occurring.

6

27. In changing Plaintiff's placement, Defendants Dogan, Berkovatz, and Does 1-10 failed to notify Plaintiff's attorney and guardian ad litem, Joan Tillman, in violation of Welfare and Institutions Code Section 16010.6(a) and DSS Regulations,[1] and despite knowledge that Plaintiff's attorney had voiced her opinion that it was in Plaintiff's best interest to remain with the McLeods, and that she would oppose any attempts to change placement. Had Defendants given Ms. Tillman notice as required by statute, Ms. Tillman would have strenuously objected to the change in placement and would have successfully prevented such change in placement due to the fact that Defendant Dawson was (a) not a relative of Plaintiff, and (b) unfit, incompetent, and unsafe to serve as a foster parent.

28. In November 2018, after Plaintiff was placed with Defendant Dawson, Defendants Dogan, Berkovatz, and Does 1-10 learned of various health issues that Plaintiff was experiencing, including welts on his chin and a fever, among others. The physical issues Plaintiff was experiencing, which were known to Defendants, suggested potential abuse and/or neglect by Defendant Dawson; however, despite learning of these issues, Defendants failed to report such potential abuse and/or neglect, in violation of Penal Code Section 11166, and failed to investigate or monitor the situation further.

29. After changing Plaintiff's placement, Defendants Dogan, Berkovatz and Does 1-10 failed to conduct or arrange for at least some of the required monthly visits to Defendant Dawson's home as required by California Department of Social Services Regulation 31-310 et seq. and provisions of the Welfare and Institutions Code and other statutes and/or regulations. Had Defendants conducted the required inspections, they would have known that Defendant Dawson was unfit, incompetent, and unsafe as a caregiver for Plaintiff, and that Plaintiff was at a substantial risk of serious injury or death due to Dawson's unfitness and incompetence. In particular, Plaintiff is informed and believes and thereon alleges that had Defendants performed

---

[1] DSS All-County Letter dated May 8, 2019 references a DSS regulation that required seven-day advance notice of change in placement, which regulation was superseded by Welfare and Institutions Code section 16010.7 effective January 1, 2019.

the required inspection in December 2018 they would have seen additional evidence of abuse, including but not limited to welts, bruises and/or other visible injuries to Plaintiff.

30. Plaintiff is informed and believes and thereon alleges that prior to January 5, 2019, during one or more visits to Defendant Dawson's home, Defendants Dogan, Berkovatz and/or Does 1-10 observed and/or otherwise learned that Plaintiff's biological father was visiting him at Dawson's home. Despite knowing of the physical abuse that Plaintiff's father had committed against him in the past, these Defendants failed to take steps to prevent such visits from occurring, and failed to report such visits to any supervisors or law enforcement officials.

31. In removing Plaintiff from a loving and supportive home and placing him with Defendant Dawson, Defendants Dogan, Berkovatz and Does 1-10 were aware of facts that would have led reasonable people in their position to know or suspect that a substantial risk of serious harm existed to Plaintiff if placed with Defendant Dawson, and they either drew the inference from the known facts or should have drawn such inference, since the risk of harm was obvious, and any reasonable official in their position would have drawn such inference.

32. On or about January 5, 2019, Defendant Dawson carried out atrocious acts of physical abuse against Plaintiff. In the alternative, Plaintiff alleges on information and belief that the abuse inflicted against him was committed by his biological father, who was foreseeably permitted to have contact with Plaintiff by Ms. Dawson, which was one of the likely motivations for her to secure custody of Plaintiff.

33. The abuse inflicted by Defendant Dawson or Plaintiff's father resulted in a subdural hematoma, bilateral retinal hemorrhages, a lacerated liver, and other severe and life-altering physical, mental, and emotional injuries. The brain injury Plaintiff suffered required multiple surgeries, and has resulted in diagnoses of hemiplegia and cerebral palsy. These injuries have required, and will continue to require, substantial medical care, nursing, therapy, counseling, rehabilitation, and other treatment, care and assistance, and will therefore cause Plaintiff to suffer tremendous economic damages in an amount according to proof at trial. As a further result of the injuries, Plaintiff will lack the ability to earn wages, or will be diminished in this ability, and will therefore suffer substantial future economic damages due to wage loss and loss of earning

8

capacity, in an amount according to proof at trial. In addition to the economic harms and losses, Plaintiff has suffered and will continue to suffer tremendous physical pain, mental suffering, emotional distress, disability, impairment, lack of enjoyment of life, and various other general damages in an amount according to proof at trial.

34. On July 3, 2019, Plaintiff presented claims to the County of San Mateo pursuant to California Government Code Section 910 et seq. On August 7, 2019, the County of San Mateo formally rejected the claims.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983

### (Against Defendants Dogan, Berkovatz, and Does 1-50)

35. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

36. In doing the things alleged, Defendants Dogan, Berkovatz and Does 1-10 deprived Plaintiff of his clearly established right to life, liberty, property, and the right to bodily integrity and security, as protected by the substantive and procedural provisions of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See, e.g., Henry A. v. Willden*, 678 F.3d 991 (2012), citing *Tamas v. Dept. of Social & Health Svcs.*, 630 F.3d 833, 842 (2010) (Fourteenth Amendment encompasses "a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent").

37. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained damages in an amount according to proof at trial.

38. The acts and/or omissions of Defendants Dogan, Berkovatz and Does 1-10 were carried out with malice, oppression, or fraud, and/or with reckless disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an additional award of punitive damages in an amount sufficient to punish these Defendants and deter future wrongdoing by Defendants and others. Plaintiff does not seek punitive damages against the County of San Mateo.

//

//

9

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 - *Monell***

**(Against Defendant County of San Mateo and Does 1-50)**

39. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

40. In doing the things alleged, Defendants Dogan, Berkovatz and Does 1-10 deprived Plaintiff of his clearly established right to life, liberty, and bodily integrity.

41. On information and belief, the unconstitutional actions and/or omissions of Defendants Dogan, Berkovatz and Does 1-10 were pursuant to the following customs, policies, practices, and/or procedures of the County of San Mateo, which were directed, encouraged, allowed, and/or ratified by policy making officials with the County of San Mateo:

a. County of San Mateo has a widespread practice of allowing, instructing, and/or encouraging its social workers not to provide the required notice to foster parents and foster children's attorneys, before changing placement of foster children, for the explicit purpose of avoiding the grievances and legal challenges that the foster parents and attorneys will often pursue when such changes in placement will foreseeably result in harm to foster children;

b. County of San Mateo has a widespread practice of allowing, encouraging and/or approving of its social workers to eschew their required in-person visits to foster care homes, knowing that the failure to conduct such required visits will cause instances of abuse and/or neglect to go un-noticed and un-reported, which in turn will result in physical harm to foster children;

c.  County of San Mateo has a widespread practice of failing to properly consider the safety and welfare of foster children in making placement decisions, and often places children with individuals based on race, ethnicity or other prohibited classifications, even where such placements are not in the best interest of the foster children;

d. County of San Mateo has a widespread practice of failing to properly investigate potential relative placements, including the failure to confirm whether the potential placement is in fact a relative of the foster child;

10

42. Defendant County of San Mateo failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants Dogan, Berkovatz, and Does 1-10 due to their programmatic failures in the face of the obvious need for constitutional hiring, training, instruction, monitoring, supervision, evaluation, investigation, and discipline of their employees and agents, including the named Defendants, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above. Further, Defendants' violation of mandatory duties, standards, and of Plaintiffs' rights, were so obvious and shocking that supervisors and policy-makers for the County of San Mateo must have known of these egregious violations of law, standards, and training, and on information and belief have decided to ratify and endorse the conduct of the Defendants in this matter who are under their supervision and control. On information and belief, discovery will reveal that the County of San Mateo's constitutionally deficient programs for hiring, training, instruction, monitoring, supervision, evaluation, investigation, and discipline of their employees and agents, including Defendants, directly led to the egregious violations of mandatory duties, standards, and Plaintiff's rights described herein.

43. The unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated and/or ratified by policy-making officials with the County of San Mateo. Plaintiff is informed and believes, and thereon alleges, that the details of this incident have been revealed to the authorized policy makers within the County of San Mateo, including DOES 1-50, and Plaintiff is further informed and believes, and thereupon alleges, that such policy makers have direct knowledge of the facts alleged in this complaint. Notwithstanding this knowledge, the authorized policy makers within the County of San Mateo have approved of the conduct of Defendants, and have made a deliberate choice to endorse the decisions of those defendant officers and employees and the basis for those decisions. By doing so, the authorized policy makers of the County of San Mateo have shown affirmative agreement with each individual Defendant employee's actions, and have ratified the unconstitutional acts of the individual Defendants.

11

44. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above.

45. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant County of San Mateo as described above, Plaintiff sustained serious injuries and damages as set forth herein, in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**Bane Act (Cal. Civ. Code § 52.1)**

**(Against All Defendants)**

46. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

47. By their acts, omissions, customs, and policies, each Defendant interfered, through threats, intimidation, or coercion, with the following rights:

    a. The right to be free from life, liberty, and property as protected by the substantive and procedural provisions of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution;

    b. The right to bodily integrity and security, secured by the Fourteenth Amendment to the United States Constitution, Article 1, Section 7 of the California Constitution, and Section 43 of the California Civil Code;

    c. The right to protection from bodily restraint, bodily harm, or personal insult, as secured by California Civil Code Section 43;

    d. The right of a foster child to live in a safe, healthy, and comfortable home,

and to be free from physical, emotional, or other abuse, or corporal punishment, as secured by California Welfare and Institutions Code Section 16001.9.

48. Defendants either specifically intended to violate Plaintiff's aforementioned rights or did so with reckless disregard of those rights.

49. As a direct and proximate result of the interference with aforementioned rights, Plaintiff sustained serious injuries and damages as set forth herein, in an amount according to proof at trial.

50. Defendant County of San Mateo is vicariously liable for the acts and omissions of its employees, Defendants Dogan, Berkovatz and Does 1-10, pursuant to California Government Code Section 815.2.

51. In addition to actual damages, Plaintiff is entitled to an award of up to three times the amount of actual damages, a $25,000 statutory penalty, attorneys' fees, and punitive damages, pursuant to Civil Code Section 52.1.

52. The acts and/or omissions of Defendants Dogan, Berkovatz and Does 1-10 were carried out with malice, oppression, or fraud. Therefore, Plaintiff is entitled to an additional award of punitive damages in an amount sufficient to punish these Defendants and deter future wrongdoing by Defendants and others. Plaintiff does not seek punitive damages against the County of San Mateo.

**FOURTH CAUSE OF ACTION**

**Breach of Mandatory Duties (Cal. Gov. Code § 815.6)**

**(Against County of San Mateo and Does 1-50)**

53. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

54. Defendants County of San Mateo and Does 1-10 were required to consider the safety and welfare of Plaintiff in connection with any decision to change placement. In particular, California Welfare and Institutions Code Section 361.3 requires a social worker to consider certain non-exclusive factors in determining whether placement with a relative is appropriate,

13

including the best interest of the child, the good moral character of the relative, the ability of the relative to provide a safe, secure, and stable environment for the child, and the safety of the relative's home. Similarly, Section 361.4 provides that, for any emergency placement, the county welfare department is required to conduct an in-home inspection to assess the safety of the home and ability of the caregiver to provide for the child's needs, and to conduct a criminal records check. These statutes were designed to protect foster children against injuries that result from unsafe placements.

55. Defendants County of San Mateo and Does 1-10 were required by Welfare and Institutions Code Section 16010.6 and DSS regulations to notify the MacLeods and Plaintiff's attorney, Joan Tillman, prior to removing Plaintiff from his foster home and placing him with Defendant Dawson. This statute and the DSS regulations are designed to protect foster children from unsafe placement decisions, including placement in environments or with persons who pose a threat of physical harm to the child.

56. Defendants County of San Mateo and Does 1-10 were required by Penal Code Section 11166 to report suspected abuse and/or neglect by Defendant Dawson.

57. Defendants failed to comply with all of the aforementioned mandatory statutory duties because they failed to consider the enumerated factors relevant to the decision to place Plaintiff with Defendant Dawson, failed to conduct the required in-home inspection (or one that was more than cursory or perfunctory), failed to notify the MacLeods or Joan Tillman of the change in placement, and failed to report the suspected abuse and/or neglect by Defendant Dawson.

58. By failing to discharge one or more of these mandatory duties, Defendants are liable pursuant to California Government Code Section 815.6, which provides that a public entity is liable for an injury caused by its failure to discharge a mandatory duty designed to protect against the risk of that particular kind of injury.

59. As a direct and proximate result of the breach of the aforementioned mandatory duties, Plaintiff sustained serious injuries and damages as set forth herein, in an amount according to proof at trial.

14

## FIFTH CAUSE OF ACTION

### Assault and Battery

### (Against Defendant Dawson and Does 1-50)

60. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

61. In doing the things herein alleged, Defendant Dawson committed an assault and battery against Plaintiff in that she touched him in a harmful manner without his consent, and without legal justification or excuse.

62. As a direct and proximate of Dawson's actions, Plaintiff sustained serious injuries and damages as set forth herein, in an amount according to proof at trial.

63. The acts and/or omissions of Defendant Dawson was carried out with malice, oppression, or fraud. Therefore, Plaintiff is entitled to an additional award of punitive damages in an amount sufficient to punish Dawson and deter future wrongdoing by Defendant and others.

## SIXTH CAUSE OF ACTION

### Negligence

### (Against Defendants County of San Mateo, Dogan, Berkovatz and Does 1-50)

64. Plaintiff refers to each and every paragraph in this complaint, and incorporates those allegations as if set forth fully here.

65. In doing the things herein alleged, Defendants Dogan, Berkovatz and Does 1-10 breached their duty of care owed to Plaintiff. In particular, these Defendants owed a duty to reasonably ensure that Plaintiff be placed in safe homes, with caregivers who are not unfit, incompetent, violent, or otherwise dangerous to a foster child. Defendants also owed a duty to take reasonable steps to investigate the safety and fitness of a home and caregiver before changing placement, including those steps set forth in statutes referenced herein, and any other statutes, regulations, rules and standards applicable to social workers. Further, Defendants owed a duty to Plaintiff to report suspected instances of abuse and/or neglect by his foster parents.

66. Defendants Dogan, Berkovatz and Does 1-10 breached their duty of care to Plaintiff by failing to take the required steps to ensure the propriety of removing Plaintiff from his foster

15

home and placing him with Defendant Dawson, and by failing to give Plaintiff's foster parents or attorney an opportunity to object to the placement or challenge it in court, by notifying them of the proposed change in placement as required by statute, and by failing to report suspected abuse and/or neglect.

67. As a direct and proximate result of the acts and/or omissions of Defendants Dogan, Berkovatz and Does 1-10, Plaintiff was placed into a dangerous home with a violent caregiver, thereby sustaining serious injuries and damages as set forth herein, in an amount according to proof at trial.

68. Defendant County of San Mateo is vicariously liable for the acts and omissions of its employees, Defendants Dogan, Berkovatz and Does 1-10, pursuant to California Government Code Section 815.2.

69. The acts and/or omissions of Defendants Dogan, Berkovatz and Does 1-10 were carried out with malice, oppression, or fraud. Therefore, Plaintiff is entitled to an additional award of punitive damages in an amount sufficient to punish these Defendants deter future wrongdoing by Defendant and others. Plaintiff is not seeking an award of punitive damages against the County of San Mateo.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

a. For compensatory damages in an amount according to proof;

b. For punitive damages against Defendants other than the County of San Mateo in an amount sufficient to punish and deter them, pursuant to 42 U.S.C. § 1983 and California Civil Code §§ 52.1 and 3294;

c. For treble damages and statutory penalties, pursuant to Civil Code §§ 52 and 52.1

d. For attorneys' fees and costs of suit, pursuant to 42 U.S.C. § 1988 and Civil Code § 52.1;

e. For such other and further relief as the Court deems just and proper.

16

Dated: December 7, 2020                                ALTAIR LAW
                                                       and
                                                       LAW OFFICE OF JOSEPH S. MAY


                                                       */s/ Joseph S. May*
                                                       By: JOSEPH S. MAY
                                                       Attorneys for Plaintiff J.H.


## DEMAND FOR JURY TRIAL


Plaintiff hereby demands a trial by jury.


Dated: December 7, 2020                                ALTAIR LAW
                                                       and
                                                       LAW OFFICE OF JOSEPH S. MAY


                                                       */s/ Joseph S. May*
                                                       By: JOSEPH S. MAY
                                                       Attorneys for Plaintiff J.H.

17

J.H. v. County of San Mateo, Case No. C20-00961-VC
SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL