UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. H.,<br><br>              Plaintiff,<br><br>      v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>              Defendants. | Case No.  20-cv-00961-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 70 |

The plaintiff's lawyer, Joseph May, has violated Federal Rule of Civil Procedure 11(b)(3) by including at least one frivolous allegation in the second amended complaint. Although several allegations in the complaint are factually suspect, one is particularly deserving of sanctions: an allegation that the defendants failed to notify J.H.'s prior foster family of his change in placement in accordance with DHS regulation 31-440 and explaining that "[h]ad such notice been given, the [family] would have stopped the change of placement from occurring."

That allegation is factually baseless. Documents from J.H.'s juvenile case file show that his foster family was provided notice of his change of placement. In fact, J.H., his foster mother, Dawson, and a social worker had at least one in-person meeting before the change of placement. Afterwards, J.H.'s foster mother sent an email to various people involved in the case expressing how happy she was that J.H. was being placed with family and that he had a good team supporting him. There is no indication in the case file, nor has Mr. May provided any other evidence that may have given him a reason to believe, that J.H.'s foster family was upset with the upcoming change of placement or sought to stop it from occurring.

What's more, Mr. May could have discovered the correct state of affairs if he had

conducted "a reasonable and competent inquiry" before filing the complaint. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Moore v. Keegan Management Co.*, 78 F.3d 431, 434 (9th Cir. 1996)). In January 2019, almost two years before the second amended complaint was filed, J.H.'s social worker provided all of her case notes, which included the information discussed above, to J.H.'s juvenile dependency lawyer, Joan Tillman. In May 2020, Ms. Tillman was appointed J.H.'s guardian ad litem in this case. So, at minimum, Mr. May had access to these documents through Ms. Tillman after her appointment; all he had to do was ask for them. But there is further evidence that Mr. May actually had at least some of J.H.'s court files in his possession. In a December 2020 declaration, Mr. May admitted to having used parts of J.H.'s court file to draft the second amended complaint.

Accordingly, Mr. May is ordered to pay $500 to the County defendants within 21 days. That amount is necessary to deter further violations of Rule 11 in this case and represents a portion of the reasonable attorneys' fees the County defendants expended to litigate this motion. *See* Fed. R. Civ. P. 11(c)(4).[1]

**IT IS SO ORDERED.**

Dated: June 21, 2022

_____

VINCE CHHABRIA
United States District Judge

---

[1] The motion to seal is granted. The documents under seal are from J.H.'s juvenile case file and include sensitive personal details.

The request for judicial notice is denied. The Court did not consider Exhibits B, C, and D to resolve this motion, and Exhibits A, E, and F are filings in this case that are already on the docket.