MICHAEL E. ADAMS (SBN: 47278)
LAW OFFICES OF MICHAEL E. ADAMS
600 Allerton Street, Suite 200
Redwood City, CA 94063
Telephone: (650) 599-9463
Fax: (650) 599-9785

Attorney for Defendant
TAMIKA DAWSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J.H., a minor, through his Guardian ad Litem, JOAN TILLMAN

Plaintiff,

v.

COUNTY OF SAN MATEO; AYSE DOGAN; JULIE BERKOVATZ; TAMIKA DAWSON; and DOES 1 to 50, inclusive,

Defendants.

Case No. 20-cv-00961-VC

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TAMIKA DAWSON'S MOTION TO DISMISS**

DATE: August 14, 2025
TIME: 10:00 a.m.
COURTROOM: 4 (17th Floor)
JUDGE: Hon. Vince Chhabria

Action Filed: 02/07/2020
Trial Date: 2/2/2026

## I. INTRODUCTION

Plaintiff's opposition ("Opposition") grasps at straws.

The Opposition argues that, given the recent criminal jury verdict against Tamika Dawson ("Dawson"), her Declaration that she changed residences should not be believed, absent corroborating documents. However, the Opposition is silent concerning the corroboration already presented by the Declaration from Dawson's half-sister, Naja

Hendrix-Dunnell, and disregards that the verdict has yet to be tested by post-trial proceedings, including appeal. In any case, Dawson concurrently herewith submits a Reply Declaration attaching documents further corroborating that she exclusively resided at 791 Runnymede Street, East Palo Alto, CA ("Runnymede") from August, 2018 to mid-2024. The documents include the written lease under which she lived there, a report from San Mateo County on her suitability to care for children at Runnymede, a notification mailed to Runnymede confirming that she had become a notary public, and a W-9 form which she filled out at Runnymede.

The Opposition further argues that Dawson is barred because, contrary to the above-summarized evidence, she judicially admitted that when service was attempted on her at her childhood residence, she in fact still resided there, and hence that service was in fact valid. The slim reed on which the Opposition makes this contention is that Dawson's undersigned counsel twice authorized the addition of his signature to Joint Case Management Statements that included a sentence stating that "[a]ll Defendants have been served and have answered." However, as pointed out in the Reply Declaration by the undersigned, he paid little attention to the initial paragraphs that contained said sentence, and deemed them broadly correct, e.g. that Dawson had in fact been served albiet invalidly, and that the undersigned had then filed an Answer on her behalf. At no point during this litigation has the undersigned ever sought to convey the misimpression that he had decided to waive or relinquish the defense that Dawson had been invalidly served. Any private, uncommunicated, and untested assumption to the contrary by Plaintiff's counsel bespeaks a lack of the professional candor between counsel that should coexist even the most vigorous advocacy.

The Opposition argues in the alternative that Dawson's participation in this litigation must mean that she impliedly consented to this Court's jurisdiction over her. However, as argued hereinbelow, Dawson's participation herein has been more limited than would reasonably give rise to a conclusion that she has consented to the jurisdiction

LAW OFFICES OF
MICHAEL E. ADAMS
600 ALLERTON ST., SUITE 200
REDWOOD CITY CA 94063
(650) 599-9463

of this Court, or that she has waived her affirmative defense of invalid service.

## II. DAWSON HAS NEITHER CONSENTED TO THE JURISDICTION OF THIS COURT, NOR WAIVED HER AFFIRMATIVE DEFENSE OF INVALID SERVICE

In *Fehl v. Manhattan Ins. Group (ND Ca 2012) 2012 WL 1831584*, (*"Fehl"*) Judge Koh stated:

> "The filing of an appearance in a lawsuit alone does not relieve plaintiff from executing proper service of process upon defendants. [citation]. Similarly, attending conferences and participating in discovery does not waive a defendant's right to service of process if the defendant has timely objected. [citation]." [*Id. at *2*]

Therein, after timely objecting to the validity of service of process upon it, the defendant participated in both mediation and discovery.

The *Fehl* decision stands in the mainstream of decisional law concerning the issue of whether or not the continued participation of a defendant in litigation, after properly contending that service of process thereon was invalid, should be deemed a waiver of that contention.[1] *Benny v. Pipes (9 Cir. 1986) 799 F.2d 489, at #6* [no waiver where the defendant filed three successive motions to extend time to respond, but only alleged the defense of invalid service of process in the third such motion, the court noting that "it would be harsh indeed to label these pre-answer omissions as a general appearance"], *Blankenship v. Account Recovery Service, Inc. (SD CA 2017) 2017 WL 1653159,* *2[no waiver through defense counsel's participation in discovery conference and cosigning a joint discovery plan, the court noting that "[n]ot every act by a party that is addressed to the court or relates to the litigation will be deemed an appearance."], *Blum v. Raizada [SD Ca 2019] 2019 WL 13159733* [no waiver due to defense counsel filing a "notice of

---

[1] It may be added that, in any case, failure to include any summons with the FAC delivered by Plaintiff's process server is an unwaivable defect. See: *Ayres v. Jacobs & Crumplar, P.A. (3rd Cir. 19996) 99 F.3d 565*, 569 [invalid summons because not issued by court clerk].

LAW OFFICES OF
MICHAEL E. ADAMS
600 ALLERTON ST., SUITE 200
REDWOOD CITY CA 94063
(650) 599-9463

appearance" where Plaintiff failed to demonstrate that the notice constituted a general appearance rather than a special appearance to contest service of process], *Ayres v. Jacobs & Crumplar, P.A., supra, 99 F.3d at 568* [no waiver by engaging in discovery and attending scheduling conferences, the court noting that "it is prudent to proceed with one's case while awaiting determination of motions to dismiss"], *Kelly v. Hoegh Autoliners Shipping PTE, Ltd. (D.New Jersey 2020) 2020 WL 3129644* [no waiver by appearing, engaging in discovery, attending scheduling conferences, and joining a stipulation to dismiss all other defendants]. *Rojek v. Catholic Charities (ED Mich. 2019) 2009 WL 3834013, *5* [no waiver by defense counsel's stipulation at scheduling conference to plaintiff amending complaint to correctly name defendant, and to accept service thereof, the court noting that "it is prudent to proceed with one's cause while awaiting determination of motions to dismiss"].

Herein, after filing her Answer, Dawson's participation in this case has been limited to participating in scheduling conferences, including filing a single motion for the sole purpose of further extending the stay of discovery involving her. Due to the discovery stay limited to her, Dawson has not even participated in the discovery that has been ongoing between the other parties hereto.

## III. FIVE YEARS HAVING ELAPSED IN THE INSTANT LITIGATION, THE COURT SHOULD NOW DISMISS DAWSON THEREFROM RATHER THAN ALLOW PLAINTIFF TO BELATEDLY SERVE HER WITH PROCESS

In *Fehl,* the court invoked judicial economy to conclude that the plaintiff should be alotted more time to properly serve the defendant. The court pointed out that the statute of limitations had not yet run on plaintiff's claim, so that, if the court instead dismissed defendant, plantiff could instead simply refile the case – a result that would disserve judicial economy.

Herein, the scales tip the other way. In that the statute of limitations has long since

LAW OFFICES OF
MICHAEL E. ADAMS
600 ALLERTON ST., SUITE 200
REDWOOD CITY CA 94063
(650) 599-9463

run on Plaintiff's claims against Dawson, dismissal of Dawson from this case could not engender the filing of a new lawsuit against her. Moreover, her dismissal would streamline the instant litigation into focusing entirely on the Defendants – San Mateo County and its employees – with which Plaintiff has all along been primarily preoccupied.

DATED: July 24, 2025

MICHAEL E. ADAMS
Attorney for Defendant
TAMIKA DAWSON

LAW OFFICES OF
MICHAEL E. ADAMS
600 ALLERTON ST., SUITE 200
REDWOOD CITY CA 94063
(650) 599-9463